# Alabama Chemical Company *v.* Phelps.

## *Injury to Servant.*

(Decided November 23, 1911.  Rehearing denied February 15, 1912.
57 South. 694.)

1. *Master and Servant; Injury to Servant; Warning.*—Where a foreman directed an employee to work at a point upon the ground 40 or 50 feet below an overflow pipe from which he knew sulphuric acid occasionally dripped, and the employee was ignorant of this fact, the failure of the foreman to warn the employee constituted negligence.

2. *Same; Assumption of Risk.*—An employee in charge of men engaged in taking down an overhead bin 15 or 20 feet above ground, but who had nothing to do with an overflow pipe still farther above ground, from which sulphuric acid occasionally dripped did not assume the risk of injury from the dripping of the acid in his eyes.

3. *Trial; Exclusion of Evidence; Admission in Part.*—Where parts of the evidence was clearly admissible, a motion to exclude the evidence of the witness not designating the objectionable part, was not sufficient.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Julius D. Phelps against the Alabama Chemical Company, for damages for injuries received while in its employment.  Judgment for plaintiff, and defendant appeals.  Affirmed.

RAY RUSHTON and W. M. WILLIAMS, for appellant. The court erred in overruling defendant's motion to strike that part of the witness' testimony to the effect that Austin said the acid was dropping from the pipe, a drop every two or three minutes.—*M. & M. R. R. Co. v. Ashcraft,* 48 Ala. 15; 72 Ala. 117; *A. G. S. v. Hawks,* 72 Ala .112.  The court erred in rendering a verdict for the plaintiff on the evidence, first, because plaintiff failed to sustain the burden of proof to show that he was injured

by acid dropping from the end of the pipe.—*So. Ry. Co. v. McGowan,* 149 Ala. 440; Rehearing opinion, 149 Ala. 456. The evidence does not show a negligent failure to furnish appellee with a reasonably safe place in which to work. Appellee assumed the risk of employment.— *G. C. & S. Ry. Co. v. Jackson,* 12 C. C. A. 507; *Chicago Edi. Co. v. Davis,* 93 Ind. 285. Phelps had knowledge of the acid mixture in the bins which will prevent his recovery.—26 Cyc. 1203, and authorities supra.

HILL, HILL & WHITING, for appellee. Part of the evidence was clearly competent and the motion to exclude it all was properly denied.—*Davis v. The State,* 131 Ala. 10; *Ray v. The State,* 126 Ala. 9; *Wright v. The State,* 136 Ala. 139. The movant itself brought out the testimony.—*Curtis v. Parks & Co.,* 136 Ala. 224. There was no error in rendering the verdict for the plaintiff on the evidence.—*Robinson M. Co. v. Colbert,* 132 Ala. 462; *W. Pratt C. Co. v. Andrews,* 150 Ala. 368; *Bir. T. Co. v. Reville,* 136 Ala. 335; *Osborn v. Ala. S. & W. Co.,* 135 Ala. 575. The common law duty is to provide a reasonably safe place for the servant to work.—*Wolf v. Smith,* 149 Ala. 457; 26 Cyc. 1097. Also to warn of latent danger.—5 Mayf. 643. The plaintiff did not assume the risk of danger from other sources and places. —26 Cyc. 118.

DOWDELL, C. J.—The cause was tried by the court below without the intervention of a jury, and a judgment was rendered in favor of the plaintiff. There are three assignments of error. The first two are in substance the same—one that the court erred in rendering judgment for the plaintiff, and the other that the court erred in not rendering judgment for the defendant. The third assignment relates to the action of the court in

overruling the motion of the defendant to exclude certain evidence.

Under the issues in the case, we think the trial court on the whole evidence was fully justified in rendering a judgment in favor of the plaintiff. There can be no question that the plaintiff received the injury complained of, and that it was received while in the discharge of his duties under his said employment. That the injury was the result of sulphuric acid dropping in the eye of the plaintiff from the end of an unguarded overflow pipe 40 or 50 feet overhead where the plaintiff was required to be in the discharge of his duties was reasonably and satisfactorily shown by the evidence. That this was a dangerous place, and that the plaintiff was ignorant of the danger of the dropping of the acid, we think there can be no doubt.

The plaintiff's superior, Austin, the foreman of the defendant, and who had superintendence of the plaintiff, and who ordered the plaintiff to perform the service at which he was engaged when injured, knew of the dropping of the acid from the overflow pipe, and hence that the place was dangerous, failed to inform or warn the plaintiff of such dangers, and was therefore guilty of negligence in the failure to notify and warn the plaintiff. The occasional dropping of the acid from the end of a pipe 40 or 50 feet overhead down upon the ground below was by no means an obvious danger, nor one that would have been discovered by ordinary care and prudence.

The contention of the defendant that the plaintiff assumed the risk of the danger of the acid dropping upon him is without merit. The plaintiff was put in charge of a gang of men to take down an overhead bin for repairs, which was 15 or 20 feet above ground, and had nothing to do with the overflow pipe from which the

acid dropped, and we are unable to see how it could be in reason said that in superintending this work he assumed the risk of danger from something disconnected from the work. We see no reason for disturbing the judgment of the trial court.

The plaintiff was examined as a witness in his own behalf, and in the course of his examination stated: "Immediately. after my injury, they went, or sent, to see what it was. He came back and said, 'It is acid.' He says it is dropping a drop every two or three minutes." No objection was taken to this statement of the witness at the time, but after the conclusion of the examination of the witness, direct and cross, the bill of exceptions recites that the following motion was made by the defendant: "We move to exclude what Mr. Austin said because it was not a part of the res gestae." The court overruled this motion, and the defendant excepted. It is not clearly shown from the bill that the statement quoted above was said by Austin. In the use of the pronoun "he," it may be that the witness was referring to Austin, but it cannot be positively asserted that he was referring to Austin.

But, if it be conceded that the witness meant Austin, the record discloses that the statement quoted was not all that the witness testified that Austin said during the course of the examination, and some of which was clearly relevant and competent. The exception reserved is in its nature too indefinite to put the trial court in error. Moreover, Austin was himself examined as a witness, and testified that there was occasional dropping of acid from the pipe, although he denied telling plaintiff that it was dropping a drop every two or three minutes. With the statement objected to eliminated, there was without dispute sufficient evidence left, as to this question, to warrant the judgment. We cannot say that the

[Kilby Frog & Switch Company v. Jackson.]

trial court committed reversible error, and the judgment will be affirmed.

Affirmed.

